THE COUNTY COURT adjudged, and so directed the jury, that this was no evidence to them of any payment by the plaintiff to the defendant, in part discharge of the rent avowed for in this action. The plaintiff excepted, and appealed to this court.

*Mason,* for appellant.

*Shaaff,* for appellee.

Statutes cited—7 *Hen.* 8, *ch.* 4. 21 *Hen.* 8, *ch.* 19. 17. *Cha.* 2, *ch.* 7. 19 *Geo.* 2, *ch.* 19, s. 23. *Lill. Ent.* 348, 542.

THE GENERAL COURT *affirmed* the judgment of the county court.

Oct. 1797.

Wolgamot
vs.
Bruner:

## GENERAL COURT, OCTOBER TERM, 1797.

### KIMMELL *vs.* JAMES.

ASSUMPSIT for goods sold and delivered. The general issue pleaded.

The plaintiff at the trial, offered evidence to prove, that the defendant was indebted to him in the sum of 300*l.* for goods sold and delivered on the 1st of May, 1795.

The defendant offered in evidence, as an account in bar, an instrument of writing, (which was not before filed) to show, that the plaintiff was indebted to him 2000*l.* The said instrument of writing purporting to be an agreement, under seal, dated the 27th of July 1795, between the plaintiff and defendant, by which the plaintiff bound himself to pay unto the defendant the sum of 2000*l.* at or upon the 20th of July 1797, in consideration of which the defendant was to make over all his rights and claims of the one third of his lands, which he held by warrants of proclamation, or might recover until the 1st of January 1797. And it was agreed, that if there were no lands secured by proclamation warrants, or escheat, the said agreement to be void.

The defendant also offered to read in evidence the original bill filed in the court of chancery by the plaintiff, against the defendant, stating and referring to the said agreement as part of the said bill, and to be a true copy of the agreement entered into between the plaintiff and the defendant. The bill filed in the court of chancery was to vacate the agreement, as being entered into by fraud and imposition, &c.

DUVALL, J. was of opinion that the said evidence, so offered by the defendant, was improper, inadmissible, and not competent to be read to the jury, and he refus-

Oct. 1797.

Kimmell
vs.
James.

ed to admit the same. The defendant excepted. Verdict and judgment for the plaintiff. The defendant appealed to the court of appeals.

*Hollingsworth*, for the plaintiff.

*Key, Mason* and *Shaaff*, for the defendant.

THE COURT OF APPEALS, at June term 1800, *affirmed* the judgment of the general court.

———⚬⚬⚬———

## GENERAL COURT, OCTOBER TERM, 1797.

### PONSONBY *vs.* NICHOLSON.

ASSUMPSIT upon a *promissory note*.

CASE STATED.

The defendant on the 19*th of September*, 1795, made his promissory note at Philadelphia, by which he promised to pay, *twelve months* after the date thereof, unto *William Moulder*, or order, 2000 dollars for value received. The said *Moulder* afterwards endorsed the said note to the plaintiff; and no part of the money mentioned in the said note having been paid, he, on the 20*th of September*, 1796, issued the writ in this cause against the defendant, to recover the money due on the said note.

*W. Cooke*, for the plaintiff.

*J. Cook*, for the defendant.

THE GENERAL COURT gave judgment for the plaintiff.

———⚬⚬⚬———

## GENERAL COURT, OCTOBER TERM, 1797.

### PLUMMER *et al.* Lessee, *vs.* LANE *et al.*

EJECTMENT for part of a tract of land called *Brousley Hall*, lying in Anne Arundel county.

The plaintiff at the trial offered in evidence to the jury a grant in the year 1669, to *Richard Wells*, for the tract of land called *Brousley Hall*. He then proved by a witness that he knew *Benjamin Lane* upwards of 45 years ago; that he lived and died on *Brousley Hall*. He then produced the will of *Benjamin Lane*, dated the 6th of May, 1772, devising distinct parts of the said tract of land to his sons *Gabriel, Benjamin*, and *Thomas Lane*. That *Benjamin* lived in the house where his father lived. That the sons held and occupied distinct parts of the said land; and it was understood (by a witness sworn) that there was a division made between the sons under the will of their said father.